# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TENAY HANKINS,

    Plaintiff,

v.

                      Case No. 12-11258
                      Hon. Lawrence P. Zatkoff

GREEKTOWN CASINO,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 6, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Currently before the Court are Plaintiff's Applications to Proceed *in Forma Pauperis* [dkt 2] and for Appointment of Counsel [dkt 3]. Plaintiff's Application to Proceed *in Forma Pauperis* is GRANTED; however, the Court will DENY Plaintiff's Application for Appointment of Counsel and DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## II. ANALYSIS

### A. Application to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such

prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Review of Plaintiff's Complaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally,

*see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff claims, in her narrative-form Complaint, that Defendant violated Title VII and the Americans with Disabilities Act ("ADA") by retaliating against her after she requested an ADA accommodation and filed for Worker's Compensation. The Court notes at the outset that Plaintiff's claims are conflated in her Complaint and she cites no specific provision under which she brings these claims.

Plaintiff alleges she was injured while working as a card-dealer for Defendant Greektown Casino on October 29, 2010, when she became overcome by smoke and fumes. Plaintiff states she subsequently filed for an ADA accommodation and Workmen's Compensation. According to Plaintiff, Defendant then terminated her employment in retaliation for her injury, and for filing for ADA accommodation and Worker's Compensation. Plaintiff also claims "perjury" and "defamation of character." Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff's Complaint has failed to state a claim upon which relief may be granted.

To establish a prima facie case of retaliation, Plaintiff must establish that (1) she was engaged in a protected activity; (2) Defendant knew of her exercise of this protected activity; (3) Defendant then took an adverse employment action; and (4) there was a causal connection between the protected activity and Defendant's actions. *See Canitia v. Yellow Freight System, Inc.*, 903 F.2d 1064, 1066 (6th Cir.1990) (citing *Wrenn v. Gould*, 808 F.2d 493 (6th Cir.1987)). To establish a prima facie case for ADA disability-discrimination, a plaintiff must prove that "(1) he or she is disabled; (2) otherwise qualified for the position with or without reasonable accommodation; (3)

suffered an adverse employment decision; (4) the employer knew or had reason to know of plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Timm v. Wright State Univ.*, 375 F.3d 418, 423 (6th Cir.2004)).

Plaintiff has failed to set forth sufficient factual allegations to support the elements of a claim of ADA retaliation or discrimination. Plaintiff has, *inter alia*, failed to state with any particularity how or whether she engaged in protected activity, or that there was a causal connection between the protected activity and Defendant's actions. Plaintiff has also failed to provide factual allegations regarding her purported disability, stating that she is disabled yet not describing what, exactly, her disability is.

With respect to Plaintiff's apparent claim that Defendant retaliated against her after she filed for Worker's Compensation, the Court further finds that this claim is covered by Michigan's Worker's Disability Compensation Act ("WDCA"). The WDCA provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

Mich. Comp. Laws § 418.301(11). As such, Plaintiff's Worker's Compensation retaliation claim is a matter of state law, arising under the WDCA, and there is no basis for federal jurisdiction. *See West v. Detroit Bd. of Ed.*, 2010 WL 3070076 at *3 (E.D. Mich. July 2, 2010)(citing *Knox v. Roy Jorgensen Associates, Inc.*, 2002 WL 1009715, *2 (E.D. Mich. April 30, 2002)(holding that because a Worker's Compensation retaliation claim arises under the WDCA, 28 U.S.C. § 1445(c) precludes removal to federal court)).

4

Similarly, Plaintiff also alleges additional state-law-based claims of perjury and defamation. Although the Court may exercise supplemental jurisdiction over pendent state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4). The Court finds that, notwithstanding the deficiencies of her federal claims, Plaintiff's state-law claims raise novel and complex issues of state law that would be more appropriately adjudicated by the state court. *See id.* § 1367(c)(1). Additionally, the contemporaneous presentation of Plaintiff's parallel state claims for relief will result in the undue confusion of the jury. *See* 28 U.S.C. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims in this matter.

Accordingly, the Court finds Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief may be granted, and otherwise sets forth state-law claims over which the Court declines to exercise supplemental jurisdiction.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: April 6, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 6, 2012.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290